## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | | |
|---|---|---|
| ANTHONY J. MACLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 2:04-CV-112 |
| | ) | (2:01-CR-67) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This matter is before this Court on the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, filed by Petitioner on March 18, 2004.  For the reasons set forth below, the section 2255 motion is **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE**.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 06829-027) at the United States Penitentiary, P.O. Box 305, in Jonesville, Virginia 24263-0305, or to such other more current address that may be on file for the Petitioner.

BACKGROUND

Pro se Petitioner, Anthony Maclin, was convicted by a jury of conspiracy to distribute 50 grams or more of crack cocaine, in

violation of 21 U.S.C. sections 846 and 841(a)(1) (Count One), distributing 50 grams or more of crack cocaine, in violation of section 841(a)(1) (Count Two), and distributing 5 grams or more of crack cocaine, in violation of section 841(a)(1) (Count Three). Following a sentencing hearing on September 16, 2002, Petitioner was sentenced to life terms of imprisonment on each of Counts One and Two, plus another 262 months of imprisonment on Count Three, all to run concurrently.

Petitioner filed a notice of appeal to the Seventh Circuit, and his appointed appellate counsel sought to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because she was unable to find a nonfrivolous issue for appeal. *See United States v. Maclin*, No. 02-3579, 2003 WL 1827211 (7th Cir. April 2, 2003). Pursuant to Seventh Circuit Rule 51(b), Petitioner was invited to respond to counsel's motion to withdraw, but he failed to do so. In an unpublished order, the Seventh Circuit dismissed Petitioner's appeal as frivolous and granted counsel's motion to withdraw on April 2, 2003. *Id.*

Petitioner filed his timely section 2255 motion on March 18, 2004. The facts surrounding Petitioner's offenses are set forth in the Seventh Circuit's opinion, and the Court assumes the reader's familiarity with those facts.

Petitioner's section 2255 motion alleges three grounds of constitutionally ineffective assistance by trial counsel, one ground of constitutionally ineffective assistance by sentencing/appellate

counsel, and claims the Court committed an abuse of discretion during sentencing.  Petitioner's bases for ineffective assistance by trial counsel are:  (1) he failed to explain the sentence Petitioner would receive following a jury trial and Petitioner was unaware of the Government's filing of a notice of intention to apply an enhancement based upon the prior convictions; (2) he failed to make the Government produce certified judgments of conviction; and (3) he failed to object to the enhancement of Petitioner's sentence by state court convictions. With regard to Petitioner's sentencing/appellate counsel (a different attorney than Petitioner's trial counsel), Petitioner claims she provided ineffective assistance when she failed to raise certain issues on appeal, including entrapment.  Finally, the Petitioner contends that the Court erred during sentencing by considering an unrelated state arrest in calculating the amount of drugs Petitioner distributed.


DISCUSSION

Relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).  As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313.  Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than

formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'"  *Id.*  Here, the Court assessed Petitioner's claims with those guidelines in mind.

As with all allegations of constitutionally ineffective assistance of counsel, the analysis begins with the Supreme Court's seminal case in this area, *Strickland v. Washington*, 466 U.S. 668 (1984).  *See also Wiggins v. Smith*, 539 U.S. 510 (2003) (analyzing ineffectiveness claim under 28 U.S.C. § 2254).  The test for ineffectiveness claims is exacting.  To establish such a claim, a defendant must show that his/her attorney's representation was

deficient, and that the deficiency prejudiced the defendant. *Wiggins*, 539 U.S. at 521.

To establish deficient performance, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. *Id.* This test is highly deferential to counsel, "presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (citations omitted); *see also Wiggins*, 539 U.S. at 522-23 (strategic choices are virtually unchallengeable) (citing *Strickland*, 466 U.S. at 690-91). Thus, when examining the performance prong of the *Strickland* test, a court must "indulg[e] a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Galowski v. Berge*, 78 F.3d 1176, 1180 (7th Cir. 1996) (internal quotes omitted).

To establish the prejudice component of the *Strickland* test, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wiggins*, 539 U.S. at 534. Such a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* This does *not* mean a petitioner must show that his attorney's ineffectiveness "'more likely than not altered the outcome of the case.'" *United States ex rel. Hampton v. Leibach*, 347 F.3d 219, 246 (7th Cir. 2003) (quoting *Strickland*, 466 U.S. at 693). Instead, "[e]ven if the odds that the defendant would have been acquitted had

-6-

he received effective representation appear to be less than fifty percent, prejudice has been established so long as the chances of acquittal are better than negligible." *Id.* (citing *Miller v. Anderson*, 255 F.3d 455, 459 (7th Cir. 2001), *judgment modified,* 268 F.3d 485 (7th Cir. 2001))*.* Additionally, when examining the prejudice prong, a court must attach a "strong presumption of reliability" to the original verdict. *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir. 1996) (citation omitted).

Unless a defendant satisfies both parts of the *Strickland* test, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *United States v. Fish*, 34 F.3d 488, 492 (7th Cir. 1994).  The Court has obviously assessed Petitioner's claims under the *Strickland* standards.


Ineffective Assistance of Trial Counsel

Whether Petitioner was Sufficiently Informed About His Sentence

First, Petitioner claims that his trial counsel provided ineffective assistance when he failed to sufficiently inform Petitioner of his potential sentence and the consequences of the enhancement due to Petitioner's two previous convictions for drug offenses.  Petitioner claims he did not make an informed decision to reject a plea agreement with a sentence of 20 years because he "did not or could not even conceive that a 'life sentence' could result by being convicted of a common drug offense, trial or otherwise . . . ."

(Pet.'s Rebuttal to the Govt's Resp. in Reference to Movant's 28 U.S.C. § 2255, p. 5.)  Petitioner also claims he felt he was deceived by his counsel.  *Id.*, p. 2.

Petitioner's claim is flatly contradicted by the record.  First, at the initial appearance and arraignment on August 1, 2001, Petitioner was advised that he faced a mandatory minimum sentence of life imprisonment on Counts One and Two.  (*See* Tr. of Initial Appearance, Ex. C, pp. 3-4.)  During that hearing, the Assistant United States Attorney specifically told Petitioner that he would face "a mandatory minimum and maximum term of life imprisonment on Count One" for violation of 21 U.S.C. §§ 846, 841(a)(1), specifically noting that "[t]he pre-sentence report indicates that this defendant has two prior felony drug offense convictions." *Id.*  With regard to Count Two for violation of 21 U.S.C. § 841, Petitioner was advised "[b]ecause the defendant has two prior felony drug offense convictions, the mandatory term of imprisonment is life on Count Two." *Id.,* p. 4.  Regarding the third count for violation of 21 U.S.C. § 841, Petitioner was told that he faced "a mandatory minimum term of imprisonment of 20 years, and a maximum term of life." *Id.*

Petitioner was again notified in open court at his detention hearing held on August 17, 2001, of the potential penalties. (Tr. of Pretrial Detention Hr'g, Ex. D.)  At that hearing, Petitioner's trial counsel specifically requested that Petitioner be informed of the type of punishment he would face if convicted of the charges. *Id.*, p. 4.

The Assistant United States Attorney again reviewed the penalties on the record, stating that the mandatory minimum sentence faced by Petitioner on both Counts One and Two was life imprisonment. *Id.*, pp. 4-5.  During the pretrial detention hearing, the Assistant United States Attorney  also specifically mentioned that Petitioner had two prior drug and felony offenses, and referred to the enhancement. *Id.* Petitioner's claims that he believed his trial counsel was deceiving him ring hollow in light of the fact that the Assistant United States Attorney twice informed Petitioner in open court of the sentence.

Thus, the record also refutes Petitioner's claim that he lacked notice of the information and did not know the Government intended to use the prior convictions in seeking a sentencing enhancement.  In accordance with 21 U.S.C. section 851(a)(1), the Government filed an information for sentence on September 4, 2001, notifying Petitioner and defense counsel that the Government intended to use two prior convictions to enhance the penalties if Petitioner was convicted of either Counts One, Two, or Three of the indictment.

Affidavits were also submitted by the Government, in which Petitioner's trial counsel and the Assistant United States Attorney attest that they advised Petitioner that because of his two prior convictions, Petitioner faced a mandatory life sentence on Counts One and Two if he proceeded to trial.  In light of the plain statements made on the record, the Court need not rely on these affidavits. "Because of the great weight we place on these in-court statements,

we credit them over [Petitioner's] later claims." *United States v. Martinez*, 169 F.3d 1049, 1054 (7th Cir. 1999). Simply, the record is clear that Petitioner was advised of the mandatory minimum life sentence should he be found guilty at trial, and his unsupported assertion to the contrary cannot re-write history.

In his rebuttal memorandum, Petitioner sets forth several new arguments, including but not limited to, contending it was error not to include a colloquy involving the enhancement under 21 U.S.C. section 851(b), arguing section 851 is ambiguous, asserting that Petitioner should have been afforded the "rule of lenity," and arguing that Petitioner did not openly waive prosecution by indictment of the prior convictions. These arguments are raised for the first time in Petitioner's reply brief, accordingly, the Court will not consider them. *See Morrison v. Duckworth*, 929 F.2d 1180, 1183 n.3 (7th Cir. 1991). Petitioner seems to claim that at least some of these arguments were timely set forth in his amendment to the section 2255 petition, filed on August 23, 2004. However, on October 1, 2004, this Court denied Petitioner's motion to amend his section 2255 petition.


<u>Failure to Make the Government Produce Certified Judgments of Conviction</u>

Petitioner's second fault with trial counsel is that he failed to make the Government produce "certified judgments of conviction" that the Government intended to rely upon in establishing the prior convictions in accordance with section 851. Nothing in the text of

section 851 refers to a "certified judgment of conviction." Moreover, Petitioner cites to no case law in support of his proposition, and he points to no resulting prejudice.  Petitioner does not dispute that he was previously convicted, therefore he can show no prejudice.

In considering Petitioner's challenge to the use of his two prior felony convictions, it is important to note that in *Almendarez-Torres v. United States*, 523 U.S. 224, 244 (1998), the Supreme Court held that prior felony convictions were sentencing factors that need not be charged in an indictment nor proven beyond a reasonable doubt because they are not elements of the charged offense.  Neither *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), nor *Blakely v. Washington*, 124 S. Ct. 2531 (2004), disturb that decision in *Almendarez-Torres*. *United States v. Pittman*, 388 F.3d 1104, 1109 (7th Cir. 2004); *see also United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004) (noting that neither *Apprendi* nor *Blakely* removes the determination of prior convictions from the court in light of *Almendarez-Torres*); *see also United States v. Collins*, 272 F.3d 984, 987 (7th Cir. 2001) (holding defendant's status as a career offender was neither required to be put before the jury nor proved beyond reasonable doubt).

Finally, the Government contends that a certified copy for one of the prior convictions was introduced into evidence at trial. (Resp. to 2255 Pet., p. 12.)  Petitioner has failed to establish that his trial counsel's representation was below an objective standard of

reasonableness, and he has failed to show that, but for the error, there is a reasonable probability that the result of the proceeding would have been different. *Wiggins*, 539 U.S. at 534.

<u>Failure to Object to Sentence Enhancement</u>

The last assault Petitioner makes upon his trial counsel is that he was ineffective for failing to object to the enhancement of his sentence by state court convictions. Petitioner contends that state convictions may not be considered in calculating a sentence enhancement. Petitioner is incorrect.

Section 841 provides that "[i]f any person commits a violation of this subparagraph or of section 849, 859, 860, or 851 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment." 21 U.S.C. § 841 (b)(1)(A). The Seventh Circuit has explicitly held that "convictions for felony drug offenses" include state convictions. *See United States v. Graham*, 315 F.3d 777, 783 (7th Cir. 2003) (affirming consideration of prior Illinois conviction); *United States v. Magana*, 118 F.3d 1173, 1209-1210 (7th Cir. 1997) (approving enhancement based upon two state court convictions); *United States v. McAllister*, 29 F.3d 1180, 1185 (7th Cir. 1994) (finding defendant's prior pleas of guilty to felony offenses under Illinois law and receipt of probation constituted "convictions" for sentencing enhancement purposes).

-12-

In support of his argument that the state convictions were improperly used to enhance his sentence, Petitioner cites to *United States v. Johnson*, 506 F.2d 305, 307 (1974). In *United States v. Hudson*, the court explained why *Johnson* is inapplicable today:

> Under the 1970 Comprehensive Drug Abuse Prevention and Control Act, only convictions based on federal law could be used to enhance a federal sentence. In 1984, the Act was amended so that section 841 currently provides that federal sentences may be enhanced based on prior federal and state convictions.

151 F. Supp. 2d 1308, 1312 (D. Kan. 2001). *Johnson* applied the pre-amendment version of section 841. Of course, the post-amendment version currently in effect governs Petitioner's case. It is therefore proper to use Petitioner's prior state convictions to enhance his sentence. *Hudson*, 151 F. Supp. 2d at 1312. Thus, Petitioner's counsel had no basis to object to the consideration of Petitioner's previous two state court convictions in reaching his sentence.

Petitioner also challenges his trial attorney's qualifications. Petitioner mentions that "Mr. Cantrell was not licensed under the American Bar Association, as required by all attorneys practicing law under the United States Justice System." (2255 Pet., p. 3.) The American Bar Association has a voluntary membership, and is not related to whether Petitioner's trial counsel was licensed to practice law in federal court. Further, contrary to Petitioner's belief, the fact that his trial counsel omitted his attorney registration number

-13-

on the pleadings does not mean that counsel was not properly licensed. Attorney Cantrell has submitted an affidavit, attesting that he was indeed licensed to practice in the United States District Court for the Northen District of Indiana since June 6, 2001, including during the trial in this case.  (Cantrell Aff. ¶ 1 (Ex. E).)  Based upon Attorney Cantrell's affidavit and Exhibit A thereto (a certificate of admittance to the Northern District of Indiana), this Court is convinced of Attorney Cantrell's good standing at the time of this trial and declines Petitioner's request to conduct any further investigation.

In his reply, Petitioner then criticizes his counsel for being "inexperienced."  (Pet.'s Rebuttal to the Gov'ts Resp. in Reference to Movant's 28 U.S.C. § 2255, p. 4.)  As an argument raised for the first time in Petitioner's reply brief, the Court refuses to consider this criticism.  *Morrison*, 929 F.2d at 1183 n.3.  The Court notes, however, that Petitioner has failed to establish any prejudice he suffered resulting from his attorney's alleged lack of experience.

Finally, Petitioner argues that his trial counsel's discharge after the trial is evidence of ineffective assistance of counsel.  To the contrary, in the hearing held on March 29, 2002, in which this Court granted Petitioner's request to discharge his counsel, the Court specifically noted that Petitioner had *not* proven that his trial counsel did not do a complete job.  (Minute Entry, March 29, 2002.)

Given the high degree of deference the Court accords to trial

-14-

counsel's actions, the Court cannot say that Petitioner was deprived of effective assistance of counsel at the trial stage.  Petitioner has failed to establish both prongs of *Strickland* - Petitioner has not shown that his trial counsel's choices fell below an objective standard of reasonableness, and he has failed to further establish that but for the alleged deficient performance, there is a reasonable probability that the trial would have turned out differently. *Strickland*, 466 U.S. at 688, 693-94.  The Court therefore rejects Petitioner's ineffective assistance of counsel claim as it relates to trial counsel.


Ineffective Assistance of Sentencing/Appellate Counsel

Petitioner has two main arguments relating to his sentencing/ appellate counsel.  First, he contends that, despite his request, counsel failed to appeal his sentence based upon the Court's alleged improper consideration of the amount of drugs Petitioner delivered in an unrelated incident in Calumet City, Illinois.  Second, Petitioner contends that, despite his request, counsel failed to argue the defense of entrapment in Petitioner's direct appeal.


Failure to Appeal Consideration of Allegedly Unreleated
Drug Sale at Sentencing

Petitioner argues that his appellate counsel should have included as a basis for appeal that "[t]he court during sentencing impermissibly counted unindicted conduct related to a Calmet [sic]

-15-

Illinois arrest, where the petitioner, at the time of sentencing was not convicted of 'attempting to distribute 208.8 grams of crack cocaine.'"  (2255 Pet., p. 5.)

According to the Seventh Circuit's findings, Petitioner was arrested in Calumet City in March 2001 during an undercover buy of 220 grams of crack cocaine. *Maclin*, 2003 WL 1827211, at *1.  This Calumet City transaction occurred in between the two drug transactions at issue in this case.  *Id.*  The Seventh Circuit ruled that evidence of the Calumet City transaction was properly admitted at trial under Rule 404(b) to prove Petitioner's intent to distribute the drugs in his possession relating to the charges in this case.  The Seventh Circuit also found that the Calumet City transaction was similar enough and close enough in time to be relevant, and that there was sufficient evidence to support a jury finding that the Calumet City transaction occurred because the Government presented testimony at trial of Officer Marlon Parks, who purchased cocaine from Maclin while she was working undercover.  *Id.* In sum, the Seventh Circuit determined that the Calumet City transaction was properly admitted at trial, as a similar act, close in time, relevant, and supported by sufficient evidence that a jury could find that Petitioner committed that other act.  The Court will not now address an issue that has already been decided by the Seventh Circuit in Petitioner's direct appeal, and it must accept the decision of the appellate court as the law of the case. *Belford*, 975 F.3d at 313; *White v. United States*, 371 F.3d 900,

-16-

902 (7th Cir. 2005) (applying the law of the case where claim had been presented in direct appeal in an *Anders* brief).

The Calumet City transaction was also properly considered at Defendant's sentencing. During the sentencing for drug offenses, the drug quantity for which the defendant is responsible is determined on the basis of all acts committed, aided, abetted, counseled, commanded, induced, or wilfully caused by a defendant that were part of the same course of conduct or common scheme or plan as the offense of conviction. (United States Sentencing Guidelines § 1B1.3.)

Petitioner also raises a *Blakely/Booker* claim, and an *Apprendi* claim, arguing that the determination of drug quantity as a part of relevant conduct was improper.[1] He complains that he was denied the right to have the drug quantity submitted to the jury and determined beyond a reasonable doubt. In this case, however, the Court's conclusion regarding drug quantity was irrelevant to Petitioner's mandatory life sentence on Counts One and Two, because his sentence was based upon the determination that Petitioner was a career offender. *See Pittman*, 388 F.3d at 1108 (ruling drug quantity was

---

[1]This Court has addressed Petitioner's *Blakely/Booker* claim on the merits because it is intertwined with his *Apprendi* claim. However, as set forth fully in this Court's order dated October 1, 2004 (denying Petitioner's motion to amend his 2255 motion), because Petitioner's criminal case has long been final, Petitioner cannot pursue a *Blakely/Booker* claim until and unless the Supreme Court makes such claims retroactive to cases on collateral review. *In re Dean*, No. 04-13244, 2004 WL 1534788 (11th Cir. July 9, 2004); *see also Simpson v. United States*, No. 04-2700, 2004 WL 1636965 (7th Cir. July 16, 2004).

irrelevant to sentence where it was based not on that relevant conduct, but rather the determination that defendant was a career offender).  The Government is correct in its assertion that Petitioner cannot demonstrate any prejudice because, by virtue of his prior convictions and the jury's guilty verdicts on Counts One and Two, Maclin received the mandatory life sentence.  The concurrent sentence on Count Three for 262 months has no impact on the length of Petitioner's incarceration.

Finally, as the Government argues, Petitioner faced a mandatory minimum sentence on Count Three of 20 years as a result of his two prior drug convictions.  (U.S. Sentencing Guidelines § 4B1.1.) Petitioner received a sentence of 262 months (21.8 years).  The slight increase in his sentence is not cognizable in a section 2255 proceeding.  *Scott v. United States*, 997 F.2d 340, 342-43 (7th Cir. 1993) (finding "[w]hatever flaws there may have been in the district court's method, none approaches a 'complete miscarriage of justice.'").

As law of the case, this Court is bound to follow the Seventh Circuit's opinion.  The federal sentencing guidelines furthermore establish the drug transaction in Calumet City, part of the same course of conduct or scheme as the offenses of conviction, was properly considered by the Court in determining drug quantity. Consequently, it was proper for the Court to consider the quantity of drugs involved in the Calumet City transaction in fashioning

-18-

Petitioner's sentence.  The fact that Petitioner's counsel elected not to pursue this losing argument in her *Anders* brief does not constitute deficient performance under *Strickland*.

### Failure to Raise Entrapment on Appeal

Petitioner also faults his sentencing/appellate attorney for not raising the defense of entrapment in his direct appeal.  Petitioner contends that he "was talked into delivering a substance by Adam Williams [co-defendant] and it was not any predisposition of his own volition." (2255 Pet., p. 3.)[2] This allegation is devoid of analysis, explanation, and support.  Petitioner produces no evidence of the Government's alleged inducement or his own lack of predisposition. *See United States v. Blassingame*, 197 F.3d 271, 279 (7th Cir. 1999) (holding that as a prerequisite for presenting to the jury an entrapment defense, the defendant must show the Government induced him to commit the crime and the Defendant was not predisposed to commit the offense); *United States v. Teague*, 956 F.2d 1427, 1434 (7th Cir. 1992).

Petitioner fails to satisfy the test for establishing ineffective assistance of appellate counsel.  *See Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) (stating test is whether appellate counsel failed to

---

[2]Maclin's convictions stem from two crack sales to a confidential informant in February and April 2001.  *Maclin*, 2003 WL 1827211, at *1.  On both occasions, Maclin's co-defendant, Williams, negotiated the sale with the informant, and then Maclin made the deliveries.  *Id*.

present "significant and obvious" issues on appeal). Casting aspersions on counsel's performance without also offering any "meaningful legal [or] factual arguments" is insufficient to demonstrate constitutionally ineffective assistance of counsel. *United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999). The Court need not address arguments that are undeveloped. *United States v. Dawn*, 129 F.3d 878, 881 n. 3 (7th Cir. 1997)).

Even if this Court were to consider Petitioner's claim on the merits, it still fails. As pointed out by the Government, it is well established that there can be no defense of entrapment by private citizens, and Petitioner argues it was his co-defendant, Adam Williams, that entrapped him. *See, e.g., United States v. Hollingsworth*, 27 F.3d 1196, 1203 (7th Cir. 1994); *United States v. Jones*, 950 F.2d 1309, 1315 (7th Cir. 1991); *United States v. Manzella*, 791 F.2d 1263, 1269 (7th Cir. 1986) ("Private entrapment is just another term for criminal solicitation . . . . The person who yields to the solicitation and commits the solicited crime is guilty of that crime."). Further, Petitioner's two prior drug-related convictions (*See* Information for Sentence dated September 4, 2001), and the unrelated drug transaction in Calumet City tend to show that, in fact, Petitioner was predisposed to commit the offenses charged in this case. Once again, Petitioner's appellate counsel cannot be faulted for not presenting a failing argument on appeal.

The Court's Alleged Abuse of Discretion

Petitioner contends that the Court impermissibly calculated the drug quantities for which he was responsible and erred in enhancing his sentence.  These claims are not appropriate for a section 2255 motion.  Section 2255 petitions are not a substitute for a direct appeal.  Petitioner had an opportunity to raise the alleged sentencing errors on direct appeal.  Without showing cause for his failure to raise them on direct appeal, and prejudice arising from that failure (which he has not done), Petitioner cannot pursue these claims now. *McCleese*, 75 F.3d at 1177; *see also Scott*, 997 F.2d at 342-43 (concluding claims under the Guidelines are only cognizable in section 2255 motions under "extraordinary circumstances"); *Knight v. United States*, 37 F.3d 769, 773 (1st Cir. 1994) (rejecting Guidelines-application-error claim in section 2255 proceeding where error did not risk producing "complete miscarriage of justice").  Moreover, as previously determined with regard to Petitioner's ineffective assistance of appellate counsel claim, the Court properly calculated Petitioner's sentence in this case.

Request For an Evidentiary Hearing

Petitioner asks in his reply memorandum, for the first time, for an evidentiary hearing.  An evidentiary hearing need not be held for every section 2255 motion.  *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990).  "No hearing is required in a section 2255 proceeding

-21-

if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (citation omitted).  Because of his or her familiarity with the evidence presented at trial, the presiding judge is uniquely suited to determine whether a hearing on a section 2255 motion is necessary.  *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989).

Petitioner has failed to offer the Court any objective facts outside the trial record that would warrant an evidentiary hearing. Moreover, the Court has concluded that the record and history of this case demonstrate that Petitioner is not entitled to relief. Therefore, an evidentiary hearing is not warranted.  *See Cooper v. United States*, 378 F.3d 638, 641-42 (7th Cir. 2004) (holding district court did not abuse its discretion in denying evidentiary hearing where defendant was not entitled to 2255 relief, and given lack of additional evidence from defendant).


CONCLUSION

For the reasons set forth above, the Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody is **DENIED**.  The Clerk is **ORDERED** to **DISMISS** this case **WITH PREJUDICE.**  The Clerk is **FURTHER ORDERED** to distribute a copy of this

-22-

order to Petitioner (Prisoner No. 06829-027) at the United States Penitentiary, P.O. Box 305, in Jonesville, Virginia 24263-0305, or to such other more current address that may be on file for the Petitioner.


**DATED:  April 15, 2005          S/RUDY LOZANO, Judge**
**                               United States District Court**